COURT OF APPEALS
DECISION
DATED AND FILED

June 11, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP1629-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2021CF1742

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

TAMAS R. SMITH,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Dane County: DAVID D. CONWAY, Judge. *Affirmed*.

Before Blanchard, Nashold, and Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Tamas Smith appeals a judgment of conviction. The issue on appeal is whether the State proved that the forfeiture by wrongdoing

doctrine applied to allow admission of hearsay. We conclude that it did, and therefore we affirm.

¶2 Smith was convicted of first-degree intentional homicide. At trial, the circuit court admitted evidence of statements made by a person who did not testify at trial. It did so on the ground that Smith forfeited his right to confront that witness, and to object to hearsay, by his conduct that was intended to discourage the witness from appearing at trial, and that caused the witness not to appear. The court found that Smith's conduct was in the form of telephone calls made by him from jail. Together, these findings satisfied the requirements to apply the doctrine of forfeiture by wrongdoing. *See State v. Baldwin*, 2010 WI App 162, ¶¶38-39, 330 Wis. 2d 500, 794 N.W.2d 769.

¶3 On appeal, Smith argues that the State failed to meet its burden to prove that he engaged in conduct intended to discourage the witness from appearing and that his conduct caused the non-appearance. Smith first argues that the jail phone calls did not meet that burden because his mother testified that, although Smith asked her to call that witness, and his mother did so, his mother did not reach the witness.

¶4 This argument fails because the circuit court did not rely on any finding that Smith's mother was actually able to reach the witness. Instead, the court found that:

> [A detective] credibly testified that he spoke with [the witness] in the preceding weeks and that she told him she had received calls from people purporting to be passing messages along from the defendant urging her not to cooperate. She also said she had received calls from the defendant's mother, although [the witness had] not answered them. The fact that she's not here today in light of these calls enables me to conclude, by a preponderance of the evidence, that the defendant's intervention is at least a substantial

factor even if not the only substantial factor in procuring [the witness's] unavailability.

¶5      Smith argues that there was "little in the record" to show that the "calls from people" other than the mother, referred to by the detective, actually occurred. He may be arguing that the circuit court erred in the above passage because the detective did not actually testify about speaking with the witness, but instead the detective's information about those other callers was conveyed to the court only in the form of remarks by the prosecutor. The State does not appear to disagree that the information was not conveyed by testimony.

¶6      Instead, the State argues in part that Smith forfeited the ability to raise this argument on appeal because he did not object to the circuit court considering the prosecutor's statements. In reply, Smith claims that he did object, in the following passage from the hearing transcript:

> Your Honor, based on the initial remarks this morning, [the witness] didn't have money for gas, my argument would have been that's not on Mr. Smith. If the Court concludes that her reference to safety may be connected to those telephone calls, I think that puts it in a different situation. I would still object on his behalf and almost I'm not -- in other words, it doesn't appear that somebody actually says I'm calling on behalf of Tamas Smith and so on, but nothing further.

¶7      We do not see in that passage any objection to the form in which the information about the telephone calls was presented to the court. Instead, there is only an argument that those calls could not be connected clearly with Smith. Therefore, we conclude that Smith forfeited any argument regarding the form of the information. *See State v. Huebner*, 2000 WI 59, ¶¶10-12, 235 Wis. 2d 486, 611 N.W.2d 727 (litigants are generally required to make timely motions, objections, or arguments in the circuit court to provide all participants with notice of alleged issues and the circuit court with the opportunity to correct or avoid an error in the first

instance). Smith does not provide us with a supported ground to overlook forfeiture under these circumstances.

¶8     In a similar vein, Smith bases an argument on the proposition that other information discussed at the hearing, this time about the witness's text communications with the victim-witness case manager, was not admitted as evidence. However, again, this argument was forfeited by the lack of a contemporaneous objection, and we see no reason to overlook the forfeiture. *See id.*

¶9     For these reasons, we conclude that the State sufficiently proved the facts necessary for the application of the forfeiture by wrongdoing doctrine.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2023-24).